ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| **ESTRELLA HOMES, LLC**<br><br>Parte Recurrida<br><br><br>v.<br><br><br>**CARLOS JOSÉ SUÁREZ GUILLÉN**<br><br>Peticionario | **KLCE202300636** | ***CERTIORARI***<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina**<br><br>Civil Núm.:<br>**FBCI201502247 (409)**<br><br><br>Sobre:<br><br>**EJECUCIÓN DE HIPOTECA** |

Panel integrado por su presidenta la jueza Cintrón Cintrón, la jueza Rivera Pérez y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 18 de marzo de 2024.

Comparece el señor Carlos José Suárez Guillén, en adelante, Suárez Guillén o peticionario, solicitando que revisemos la "*Resolución*" del Foro Primario con fecha del 16 de septiembre de 2022 y notificada el 4 de octubre de 2022. Mediante dicha *Resolución*, el Foro a *quo* declaró "No Ha Lugar" la "*Moción de Desestimación* y *Acción Independiente de Nulidad de Sentencia por Mala Fe*" del peticionario.

Por los fundamentos que se exponen a continuación, *se deniega el auto de certiorari solicitado*. Veamos.

### I.

La controversia ante nos, tiene su génesis allá para el año 2013 con un largo tracto procesal, el cual limitaremos a lo que nos atañe en este recurso.

---

[1] Véase Orden Administrativa OATA-2023-165 del 22 de septiembre de 2023, donde se designa al Juez Alberto Luis Pérez Ocasio en sustitución de la juez Eileen J. Barresi Ramos.

El 14 de junio de 2013, el peticionario suscribió un Pagaré Hipotecario por la suma principal de $250,000.00 con intereses al tres y medio (3½) por ciento anual y demás créditos accesorios.[2] Ante el incumplimiento por falta de pago, el 3 de septiembre de 2015, el Banco Santander de Puerto Rico, en adelante, Santander, presentó una demanda contra Suárez Guillén en cobro de dinero y ejecución de hipoteca por la vía ordinaria.[3]

Por su parte, el peticionario presentó una *"Urgente Moción Solicitando Desestimación, se Detenga Proceso de Ejecución, en Solicitud de Mediación, Contestación a Demanda y Reconvención"* el 22 de febrero de 2016.[4]

Luego de varios trámites procesales, los cuales no son necesarios consignar, *el 5 de julio de 2017* el Foro Primario dictó "*Sentencia Sumaria"* a favor de Santander y declaró "Con Lugar" la Demanda presentada.[5]

Posterior a ello, el 2 de mayo de 2018 el peticionario presentó un recurso ante este Tribunal que se desestimó por falta de jurisdicción por ser prematuro y ordenó al TPI-Carolina a notificar nuevamente.[6]

El 23 de octubre de 2019, Santander presentó una "*Moción Informativa y Solicitud de Ejecución de Sentencia",* con la cual adjuntó copia de la carta mediante la cual denegó la alternativa en mitigación de pérdidas, e informó que ésta no había satisfecho la "*Sentencia Sumaria"* y solicitó la ejecución de esta.

---

[2] Según surge del affidavit número 1,051 ante la Notaria María de Lourdes Nieves Crespo. Véase, apéndice del recurso, pág. 193.
[3] *Id.* pág. 1.
[4] *Id.* pág. 3.
[5] Apéndice del recurso, pág. 11.
[6] Véase KLAN201701273. El Tribunal de Apelaciones emitió *Resolución Nunc Pro Tun*, con el propósito de enmendar la Sentencia dictada el 30 de abril de 2018, a los únicos efectos de que leyera como *Sentencia en Reconsideración.*

Así las cosas, el 8 de noviembre de 2019, notificando a estos efectos el 3 de diciembre de 2019, el TPI-Carolina dictó *"Orden de Ejecución de Sentencia y Venta de Bienes"*.

El 4 de diciembre de 2019 el peticionario presentó ante el Foro Primario una *"Urgente Moción Reiterando Solicitud de Reconsideración y Réplica a Oposición a Reconsideración, Falta de Parte Indispensable y Procedencia de Reconsideración de Órdenes Notificadas el 3 de diciembre de 2019"*. Esta solicitud fue rechazada de plano por el TPI-Carolina el 15 de enero de 2020 y notificada el 16 de enero del mismo año.

Inconforme con este proceder, el peticionario recurrió ante este Tribunal mediante un recurso de *certiorari* que fue denegado.[7] Posteriormente, acudió ante el Tribunal Supremo de Puerto Rico mediante el recurso CC-2020-0429, el cual también fue denegado.

El 22 de septiembre de 2021, Santander Financial Services, Luna Residential II, LLC y Estrella Homes II, LLC, (en adelante, Estrella o la recurrida) presentaron una *"Solicitud Conjunta de Sustitución de Parte Demandante",* en la que se informó que Estrella es el nuevo poseedor de buena fe, por causa onerosa y con derecho a exigir el cumplimiento del pagaré hipotecario.[8] Consecuentemente, la recurrida presentó una *"Solicitud de Nueva Orden y Mandamiento de Ejecución de Sentencia Enmendado".*[9] Oportunamente, Suárez Guillen se opuso mediante *"Urgente Moción en Oposición a Solicitud de Nueva Orden y Mandamiento de Ejecución y en Solicitud de Paralización de los Procedimientos".*[10]

No empero, el 5 de octubre de 2021, el Tribunal Recurrido expidió *"Orden de Ejecución de Sentencia y Venta de Bienes*

---

[7] Véase, KLCE202000165.
[8] Apéndice del recurso, pág. 16.
[9] Apéndice del recurso, pág. 24.
[10] *Id*. pág. 26.

*Enmendado"*.[11]  El 8 de octubre de 2021, Suárez Guillén presentó una *"Moción sobre Retracto de Crédito Litigioso"*.[12] Estrella presentó una *"Moción en Cumplimiento de Orden, Réplica a 'Urgente Moción en Oposición a Solicitud de Nueva Orden…' y Oposición a 'Moción sobre Retracto de Crédito Litigioso'"*.[13] A su vez, presentó una *"Moción Informativa y en Solicitud de Paralización de los Procesos Post-Sentencia"*.[14]

El 17 de noviembre de 2021, Suárez Guillén presentó una réplica a las mociones presentadas previamente por Estrella.[15] En la misma fecha, es decir, el 17 de noviembre del mismo año, el peticionario presentó *"Urgente Moción de Reconsideración"*.[16]

Según surge del expediente de autos, el 28 de febrero de 2022, Estrella presentó una *"Solicitud para Continuar los Procedimientos"*, donde informó que Suárez Guillén no resultó elegible para una alternativa de mitigación de pérdidas por "[i]ngresos [i]nsuficientes".[17]  Suárez Guillén se opuso a dicha Solicitud el 6 de abril de 2022 mediante *"Oposición a 'Solicitud para Continuar los Procedimiento' de la Parte Demandante de Epígrafe"*.[18] Luego de varios pormenores que no son necesarios mencionar, el 3 de junio de 2022, y notificada el 7 de junio del mismo año, el TPI-Carolina emitió *"Orden"* para la continuación de los procedimientos.[19]

El 13 de junio de 2022, el peticionario presentó una *"Moción de Desestimación y Acción Independiente Denulidad [sic] de Sentencia por Mala Fe"*.[20] La misma fue rechazada por el Foro a *quo*

---

[11] *Id.* pág. 29.
[12] *Id.* pág. 33.
[13] *Id.* pág. 39.
[14] *Id.*pág. 45.
[15] *Id.* pág. 46.
[16] *Id.* pág. 54.
[17] *Id.* pág. 58.
[18] *Id.* pág. 64.
[19] Apéndice del recurso, pág. 90.
[20] *Id.* págs. 91-98.

mediante *"Resolución"* emitida el 16 de septiembre de 2022 y notificada el 4 de octubre de 2022.[21]

Oportunamente, el 19 de octubre de 2022, Suárez Guillén presentó una *"Moción de Reconsideración".*[22] El 12 de diciembre de 2022, Estrella presentó *"Moción en Cumplimiento de Orden* y *Oposición a 'Moción de Reconsideración'".*[23] No obstante, el 3 de mayo de 2023, y notificado el 5 de mayo del mismo año, el TPI-Carolina emitió *"Orden"* denegando la solicitud del peticionario.[24]

Inconforme con el proceder del Foro Primario, el peticionario recurre ante este Tribunal, y en su recurso le imputa al TPI-Carolina sendos señalamientos de errores:

> **PRIMERO:** ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL DECLARAR SIN LUGAR LA MOCIÓN DE DESESTIMACIÓN Y ACCIÓN INDEPENDIENTE DE NULIDAD DE SENTENCIA DE LA PARTE RECURRENTE DEL 13 DE JUNIO DE 2022 PESE A QUE EL EXPEDIENTE DEL CASO DE EPÍGRAFE REVELA QUE LA PARTE RECURRIDA DENEGÓ LA SOLICITUD DE MITIGACIÓN DE PÉRDIDAS DE LA PARTE RECURRENTE EN CONTRAVENCIÓN DE RESPA Y DEL DEBIDO PROCESO DE LEY; NO PROVEYÓ A LA PARTE RECURRENTE TODAS LAS ALTERNATIVAS DE MITIGACIÓN DE PÉRDIDAS PARA EVITAR LA EJECUCIÓN DE HIPOTECA DE SU VIVIENDA PRINCIPAL EN CONTRAVENCIÓN DE VARIAS LEYES, UNA DE ELLAS DE NATURALEZA JURISDICCIONAL; INCURRIÓ EN LA PRÁCTICA DEL "DUAL TRACKING" Y NO SE LE HA PERMITIDO A LA PARTE RECURRENTE EJERCER SU DERECHO DE POSESIÓN SOBRE EL INSTRUMENTO NEGOCIABLE DE ESTE CASO CONFORME A LA SECCIÓN 2-306 DE LA LEY DE TRANSACCIONES COMERCIALES SEGÚN ENMENDADA, *SUPRA.*
>
> **SEGUNDO:** ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL DECLARAR SIN LUGAR LA MOCIÓN DE RECONSIDERACIÓN DE LA PARTE RECURRENTE DEL 19 DE OCTUBRE DE 2022 Y POR NO HABERLA ADMITIDO SIN OPOSICIÓN PESE A QUE LA PARTE RECURRIDA INCUMPLIÓ

---

[21] *Id.* pág. 148.
[22] *Id.* pág. 152.
[23] *Id.* pág. 170.
[24] *Id.* pág. 202.

CON SU DEBER DE FIJAR OPORTUNAMENTE SU POSICIÓN SOBRE DICHA MOCIÓN.

**TERCERO:** ERRÓ Y ABUSO DE SU DISCRECIÓN EL FORO DE INSTANCIA AL NO DECLARAR LA NULIDAD DE SU SENTENCIA SUMARIA DEL 2017 CONFORME A LA REGLA 49.2 DE LAS DE PROCEDIMIENTO CIVIL, *SUPRA*, PESE A LA EXISTENCIA EN ESTE CASO DE HECHOS MATERIALES ESENCIALES EN CONTROVERSIA QUE DELATAN LA VIOLACIÓN CRASA DE LEYES QUE PROTEGEN AL DEUDOR HIPOTECARIO.

La recurrida compareció el 10 de julio de 2023 con su Recurso de Oposición.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004, (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el

Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la citada Regla, este Foro Apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Rivera Gómez y otros v. Arcos de Dorado Puerto Rico, Inc. y otros*, supra; *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008);

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez,* supra, pág. 848 La precitada Regla dispone lo siguiente:

El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluara tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o

aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000); *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Finalmente, precisa señalar que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Al contrario, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty*, supra, pág. 98.

### B. Reconsideración

La Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, reza de la siguiente manera:

> La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución.
>
> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.
>
> ***La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse*** y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.
>
> ***La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.***

Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. ***Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.***

(Énfasis nuestro)

El mecanismo procesal de la moción de reconsideración fue introducido en nuestra jurisdicción en el 1937, mediante el Código de Enjuiciamiento Civil de 1904. Ley Núm. 67 de 8 mayo de 1937, la cual enmendó el Art. 292 del Código de Enjuiciamiento Civil, 32 LPRA antes sec. 1251. El propósito de este mecanismo es permitirles a los tribunales rectificar cualquier error cometido en sus determinaciones. *Div. Empleados Públicos UGT v. CEMPR*, 2023 TSPR 107, 213 DPR ___ (2023); *Mun. Rincón v. Velázquez Muñiz y otros*, 192 DPR 989, 995 (2015); *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 7 (2014); *Interior Developers v. Mun. de San Juan*, 177 DPR 693, 701 (2009); *Lagares v. E.L.A.*, 144 DPR 601, 612 (1997). *La moción de reconsideración debe exponer con **suficiente particularidad y especificidad los hechos y el derecho** que la* parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales. *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157,167 (2016); 32 LPRA Ap. V, R. 47.

Según lo dispone la misma regla, es importante señalar que cuando una moción de reconsideración no cumple con las especificidades de la disposición estatutaria aludida, los términos para recurrir *no quedan interrumpidos. Marrero Rodríguez v. Colón Burgos*, 201 DPR 330, 341 (2018); 32 LPRA Ap. V, R. 47. Con relación a esto último, para acudir en revisión ante el Tribunal de

Apelaciones, el Tribunal Supremo de Puerto Rico ha expresado que las Reglas de Procedimiento Civil establecen la ***suspensión automática de los mismos con la presentación oportuna y que cumpla con los requisitos de la Regla 47 de Procedimiento Civil***, supra. *Marrero Rodríguez v. Colón Burgos,* supra, pág. 338; *Morales y otros v. The Sheraton Corp*, supra, pág. 8; J.A. Echevarría Vargas*, Procedimiento Civil Puertorriqueño*, 1ra ed. rev., 2012, pág. 292. ***Cuando una moción de reconsideración es presentada conforme a derecho, los términos para apelar a un tribunal de mayor jerarquía quedan interrumpidos***, hasta tanto el Tribunal de Primera Instancia archive en autos copia de la notificación de la resolución resolviendo la moción de reconsideración. *Marrero Rodríguez v. Colón Burgos,* supra, pág. 338; *Mun. Rincón v. Velázquez Muñíz,* supra, pág. 1,000; *Morales y otros v. The Sheraton Corp*, supra, pág. 8.; *Plan Salud Unión v. Seaboard Sur. Co.*, 182 DPR 714, 719 (2011).

Ahora bien, es de gran importancia entender el razonamiento legislativo detrás del *requisito de especificidad*. El mismo fue integrado a la regla en cuestión en el año 2009. Surge del Informe de las Reglas de Procedimiento Civil, hecho por el Comité Asesor Permanente de las Reglas de Procedimiento Civil, en adelante, Informe del Comité Asesor, que esta enmienda ***busca evitar mociones frívolas que tienen el propósito o efecto de dilatar innecesariamente las ejecuciones de dictámenes judiciales.*** Además, el requisito aludido tiene el efecto de poner en mejor posición al foro judicial para ***evaluar si los términos para recurrir quedan o no interrumpidos con las mociones de reconsideración***. Informe del Comité Asesor, supra, Secretariado de la Conferencia Judicial y Notarial, 2008, págs. 523, 551-552.

Lo cierto es que, de acuerdo con el requisito de particularidad de la Regla 47 de Procedimiento Civil, supra, una moción de

reconsideración no puede ser utilizada como subterfugio para argumentar hechos que debieron o pudieron ser presentados, especialmente si no hay justa causa para no haberlo hecho anteriormente, o para dilatar los procedimientos. *Insular Highway v. A.I.I. Co.*, 174 DPR 793, 809 (2008); *Rivera Marcucci et al. v. Suiza Dairy,* supra, pág. 166; *Reyes v. E.L.A. et al,* 155 DPR 799, 806 (2001); *Lagares v. E.L.A.*, supra, pág. 612. J. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* Tomo IV, pág. 1374 (Editorial JTS, 2011). J. Cuevas Segarra, *Tratado de Derecho Procesal Civil: Suplemento Acumulativo 2001-2005,* Tomo IV, pág. 258 (Editorial JTS, 2005).

Si la especificidad es un requisito para la eficacia de una reconsideración, y resulta, además, insuficiente para la misma traer argumentos que no fueron levantados oportunamente, **es forzoso concluir que utilizar, o incluso copiar, los argumentos ya utilizados, es también improcedente**. Estamos de acuerdo con la opinión disidente de la Honorable Juez Pabón Charneco en *Morales y otros v. The Sheraton Corp.*, supra, pág. 25, al indicar que ***no*** era suficiente repetir los argumentos de mociones o escritos pasados, sino que ***hacerlo de manera ad verbatim – o copiando y pegando – agravaba la falta***. Añadió que quien así procede "***no pone al juzgador en posición de poder evaluar qué parte, si alguna, debe ser reconsiderada o enmendada*** para añadir determinaciones de hechos o conclusiones de derecho adicionales". *Morales v. The Sheraton Corp.*, supra, pág. 26. (Énfasis nuestro).

### C. Regla 49.2 de Procedimiento Civil

Las adjudicaciones finales de un tribunal gozan de una presunción de validez y corrección, por lo que son recipientes de una acostumbrada deferencia. *SLG Rivera-Pérez v. SLG Díaz-Doe, et al,* 207 DPR 636, 657 (2021); *López García v. López García,* 200 DPR

50, 59 (2018). Ahora bien, *la Regla 49.2* de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, es el vehículo procesal mediante el cual una parte adversamente afectada por una sentencia, solicita el relevo de esta. *Pérez Ríos y otros v. Luma Energy, LLC*, 2023 TSPR 136, 213 DPR ___ (2023); *SLG Rivera-Pérez v. SLG Díaz-Doe et al*, supra, pág. 656-657; *HRS ERASE vs. CMT*, 205 DPR 689, 698-699 (2020); *López García v. López García,* supra. El propósito de la precitada regla es proveer un justo balance entre dos intereses conflictivos de nuestro ordenamiento jurídico. *López García v. López García,* supra, pág. 60.

La regla en cuestión contempla seis (6) escenarios en los cuales el tribunal podrá relevar a una parte de los efectos de una sentencia dictada en su contra. Estos son:

> **(a) error, inadvertencia, sorpresa o negligencia excusable;**
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
> (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
> **(d) nulidad de la sentencia;**
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
> **(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.**

> Regla 49.2 de Procedimiento Civil, supra.

Además, la regla dispone *un término fatal de seis (6) meses* para la presentación del relevo de sentencia, al amparo de esta regla. *Bco. Santander P.R. v. Fajardo Farms Corp.,* 141 DPR 237, 243 (1996). Sin embargo, en cuanto a la controversia planteada, la misma regla aclara que:

> Esta regla no limita el poder del tribunal para:
> (1) **Conocer de un pleito independiente con el propósito**

**de relevar a una parte de una sentencia, una orden o un procedimiento;**

(2) conceder un remedio a una parte que en realidad no haya sido emplazada, y

(3) dejar sin efecto una sentencia por motivo de fraude al tribunal.

Regla 49.2 de Procedimiento Civil, supra.

Con relación a esta disposición en la regla precitada, nuestro más alto Foro explica que "[se] admite generalmente el ejercicio de la acción independiente en casos de sentencias nulas, ya que [é]stas son inexistentes". *Bco. Santander P.R. v. Fajardo Farms Corp,* supra, 244, citando a *Figueroa v. Banco de San Juan,* 108 DPR 680, 689 (1979).

De la misma manera, en *García Colón et al. v. Sucn. González,* 178 DPR 527, 543-544 (2010) se clarificó que:

> [E]l inciso (4) de la Regla 49.2 de Procedimiento Civil, *supra,* otorga al Tribunal la facultad de relevar a una parte de los efectos de una sentencia cuando se determine su nulidad. **Una sentencia es nula cuando se ha dictado sin jurisdicción o cuando al dictarla *se ha quebrantado el debido proceso de ley*.** […] Es importante destacar que según este fundamento no hay margen de discreción, como sí lo hay bajo los otros fundamentos de la Regla 49.2 de Procedimiento Civil, *supra*; si una sentencia es nula, tiene que dejarse sin efecto independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado.

(Énfasis suplido).

Por otro lado, el Tribunal Supremo de Puerto Rico ha enfatizado sobre atacar una sentencia final y firme que:

> *[C]abe apuntar que "[u]na vez que se archiva en autos la notificación y se registra la sentencia, ésta se considera* **final.** *A partir de ese momento los derechos y obligaciones de las partes quedan adjudicados y la sentencia goza de una presunción de corrección".* (Énfasis nuestro) (citas omitidas). Por consiguiente, "la sentencia se convierte en firme según el transcurso del tiempo. *Es firme una vez transcurrido el término para pedir reconsideración o apelar sin que esto se haya*

*hecho, o al concluir el proceso apelativo".* (citas omitidas). Es decir, una sentencia es final y definitiva *"'cuando resuelve el caso en sus méritos y termina el litigio entre las partes, en tal forma que no queda pendiente nada más que la ejecución de la sentencia'.* (citas omitidas). Mientras, "[l]a adjudicación se presume válida y correcta hasta tanto sea reconsiderada, modificada o revocada mediante un remedio o recurso". (citas omitidas).

*SLG Szendrey-Ramos v. Consejo de Titulares,* 184 DPR 133,156-157 (2011). (Énfasis suplido).

## III.

Luego de evaluar detenidamente el expediente que nos ocupa, justipreciamos que el foro primario no abusó de su discreción en la evaluación de la prueba ante sí. No hallamos sugerencia alguna en los documentos evaluados que indique error de derecho o abuso discrecional por parte del Foro recurrido.

En esta etapa de los procedimientos, entendemos que no existe razón en derecho que nos permita obviar la norma de abstención judicial que, en procedimientos como el de autos, regula nuestras funciones.

Al evaluar los documentos que nos ocupan, coincidimos con que, al adjudicar el asunto, el Foro Primario actuó de conformidad con las normas que prevalecen en la materia que atendemos. Ello, nos hace concluir que *nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna*.

## IV.

Por los fundamentos que anteceden, se *deniega* el auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón concurre sin opinión escrita.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones